NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DANIEL S.J. NOWICKI (Cal. Bar No. 304716)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8692
    Facsimile: (213) 894-0141
    E-mail:  Daniel.Nowicki2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CLINT ERIN RASSCHAERT,<br><br>        Defendant. | No. CR 19-0346-AGR<br><br>PLEA AGREEMENT FOR DEFENDANT CLINT ERIN RASSCHAERT |

    1.   This constitutes the plea agreement between CLINT ERIN RASSCHAERT ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count two of the first superseding information in United States v. CLINT ERIN

RASSCHAERT, CR No. 19-0346-AGR, which charges defendant with Simple Assault on an Airplane in violation of 18 U.S.C. § 113(a)(5), 49 U.S.C. § 46506, a class B misdemeanor.

      b.   Not contest facts agreed to in this agreement.

      c.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the court that it impose sentence in accordance with paragraph 11 of this agreement.

      d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

      h.   Agree to and not oppose the imposition of the conditions of probation set forth in Attachment A.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

      a.   Not contest facts agreed to in this agreement.

      b.   Abide by all agreements regarding sentencing contained in this agreement.

c.  At the time of sentencing, move to dismiss the remaining count of the information as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.  Not oppose a petition, filed only after defendant's successful completion of 18 months of probation without violating any of his probation conditions, to convert defendant's remaining probation term to unsupervised probation, whereby defendant would be subject only to the standard conditions of probation and would not be supervised by a probation officer.

### NATURE OF THE OFFENSE

4.  Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Simple Assault on an Airplane, in violation of Title 18, United States Code, Section 113(a)(5) and Title 49, United States Code, Section 46506, the following must be true: (1) the defendant assaulted P.L. by intentionally using a display of force that reasonably caused him to fear immediate bodily harm; and (2) the assault took place on an aircraft in the special aircraft jurisdiction of the United States.

### PENALTIES

5.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 113(a)(5) and Title 49, United States Code, Section 46506, is: six months' imprisonment; a fine of up to $5,000; and a mandatory special assessment of $10.

3

6. Defendant understands that a term of probation of up to five years may be imposed, during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any probation imposed, defendant's probation may be revoked and defendant may be sentence to prison for all or part of the term authorized by statute for the offense that resulted in the term of probation.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement but is not meant to

be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about October 19, 2016, during a flight on an aircraft in the special aircraft jurisdiction of the United States, namely China Southern Airlines Flight 327 from Guangzhou, China to Los Angeles, California, defendant assaulted passenger P.L. by intentionally using a display of force that reasonably caused P.L. to fear immediate bodily harm, specifically by grabbing the neck pillow tied around P.L.'s neck and lifting P.L. off his seat. At the time of the assault the aircraft was not flying over a judicial district of the United States.

## SENTENCING FACTORS AND AGREED-UPON SENTENCE

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree and stipulate that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), an appropriate disposition of this case is that the court impose a

sentence of: 36 months' probation which shall include the conditions set forth in Attachment A; and a $10 special assessment. Defendant also understands that he will pay a $30 CVB processing fee.

12. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial.

   c. The right to be represented by counsel – and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF VENUE

14.  Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offenses to which defendant is pleading guilty, to the extent the offenses to which defendant is pleading guilty were committed, begun, or completed outside the Central District of California, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have to be prosecuted only in the district where the offenses to which defendant is pleading guilty were committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offenses to which defendant is pleading guilty.

### WAIVER OF APPEAL OF CONVICTION

15.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16.  Defendant agrees that, provided the Court imposes the sentence specified in paragraph 11 above, defendant gives up the

right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

17.  The USAO agrees that, provided the Court imposes the sentence specified in paragraph 11 above, the USAO gives up its right to appeal any portion of that sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

18.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and

8

(ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

19. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

20. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

21. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

      a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

      b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

      c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

22.    Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

10

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the sentence referenced in paragraph 11 is consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

24. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

_/s/ Daniel Nowicki_____     September 23, 2019
DANIEL S.J. NOWICKI                   Date
Assistant United States Attorney

_____       _____
CLINT ERIN RASSCHAERT                 Date
Defendant

_____       _____
RONALD MICHAEL CORDOVA                Date
Attorney for Defendant
CLINT ERIN RASSCHAERT

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those

contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____       _____
CLINT ERIN RASSCHAERT                    Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am CLINT ERIN RASSCHAERT's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of [a] guilty plea[s] pursuant to this agreement.

_____       _____
RONALD MICHAEL CORDOVA                   Date
Attorney for Defendant
CLINT ERIN RASSCHAERT

13

1  PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2  25.  The parties agree that this agreement will be considered
3  part of the record of defendant's guilty plea hearing as if the
4  entire agreement had been read into the record of the proceeding.
5  AGREED AND ACCEPTED
6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA
8  NICOLA T. HANNA
   United States Attorney
9

10 _____           _____
   DANIEL S.J. NOWICKI                       Date
11 Assistant United States Attorney
                                             09/19/2019
12 _____           Date
   CLINT ERIN RASSCHAERT
13 Defendant
                                             23 September 2019
14 _____           Date
   RONALD MICHAEL CORDOVA
15 Attorney for Defendant
   CLINT ERIN RASSCHAERT
16

17           CERTIFICATION OF DEFENDANT

18    I have read this agreement in its entirety.  I have had enough
19 time to review and consider this agreement, and I have carefully and
20 thoroughly discussed every part of it with my attorney.  I understand
21 the terms of this agreement, and I voluntarily agree to those terms.
22 I have discussed the evidence with my attorney, and my attorney has
23 advised me of my rights, of possible pretrial motions that might be
24 filed, of possible defenses that might be asserted either prior to or
25 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
26 of relevant Sentencing Guidelines provisions, and of the consequences
27 of entering into this agreement.  No promises, inducements, or
28 representations of any kind have been made to me other than those

contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     09/19/2019
CLINT ERIN RASSCHAERT                Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am CLINT ERIN RASSCHAERT's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of [a] guilty plea[s] pursuant to this agreement.

_____     23 September 2019
RONALD MICHAEL CORDOVA                Date
Attorney for Defendant
CLINT ERIN RASSCHAERT

13

ATTACHMENT A

**SPECIAL CONDITIONS OF PROBATION**

1. Defendant will participate in an outpatient alcohol and substance abuse counseling and treatment program that includes urinalysis, saliva, and/or sweat patch testing, as directed by the U.S. Probation Office.  Defendant shall abstain from using illicit drugs and abusing alcohol and prescription medications during the period of supervision.

2. Defendant shall submit to one alcohol and/or drug test within 15 days of commencing probation and at least 2 periodic alcohol and/or drug tests thereafter, not to exceed 8 tests per month, as directed by the U.S. Probation Office.

3. Defendant shall pay all or part of the costs of treating his drug and/or alcohol dependency to the aftercare contractor during the period of probation based on his ability to pay and shall provide proof of payment, as directed by the U.S. Probation Office.